```
               IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF TEXAS
                         DALLAS DIVISION

DAVID COOK, et al.,              §
                                 §
                    Plaintiffs,  §
                                 § Civil Action No. 3:10-CV-0592-D
VS.                              §
                                 §
WELLS FARGO BANK, N.A., et al.,  §
                                 §
                    Defendants.  §
```

## MEMORANDUM OPINION AND ORDER

The dispositive question presented by plaintiffs' motion to remand is whether the in-Texas citizen defendants were improperly joined. Concluding that they were, the court denies the motion.

I

This is an action by plaintiffs David and Nancy Cook (the "Cooks") against defendants Wells Fargo Bank, N.A. ("Wells Fargo"), U.S. Bank National Association, as Trustee for WFASC-2003-H ("U.S. Bank"), Judith Frappier ("Frappier"), Roy Lovell ("Lovell"), and Pete Romero ("Romero"). It is undisputed that the Cooks, Frappier, Lovell, and Romero are all Texas citizens. The Cooks filed suit in Texas state court seeking to enjoin the foreclosure of their home and to recover damages. It appears that U.S. Bank is the mortgagee and Wells Fargo is a mortgage servicer under an agreement with U.S. Bank. Frappier, Lovell, and Romero are substitute trustees under the deed of trust that secured the Cooks's home mortgage.

Wells Fargo informed the Cooks in February 2010 that it was initiating foreclosure proceedings as the mortgage servicer for

U.S. Bank. The Cooks responded by filing suit in Texas state court. U.S. Bank and Wells Fargo removed based on diversity of citizenship, contending that the citizenship of Frappier, Lovell, and Romero can be disregarded because they are merely nominal defendants who have been improperly joined.

Before the case was removed, Frappier, Lovell, and Romero filed an answer generally denying all claims in the Cooks's original petition. They included a verified denial, under Texas Property Code Ann. § 51.007 (Vernon 2007),[1] asserting that they had a reasonable belief that they had been named as parties solely in their capacities as substitute trustees under the deed of trust.

---

[1] Section 51.007 provides, in relevant part:

> (a) The trustee named in a suit or proceeding may plead in the answer that the trustee is not a necessary party by a verified denial stating the basis for the trustee's reasonable belief that the trustee was named as a party solely in the capacity as a trustee under a deed of trust, contract lien, or security instrument.
>
> (b) Within 30 days after the filing of the trustee's verified denial, a verified response is due from all parties to the suit or proceeding setting forth all matters, whether in law or fact, that rebut the trustee's verified denial.
>
> (c) If a party has no objection or fails to file a timely verified response to the trustee's verified denial, the trustee shall be dismissed from the suit or proceeding without prejudice.

U.S. Bank and Wells Fargo took the same position in the notice of removal, contending that the Cooks's claims are improper because they are based solely on the status of Frappier, Lovell, and Romero as agents and/or substitute trustees for Wells Fargo.

The Cooks move for remand, contending that the parties are not completely diverse.[2] They posit that the court lacks jurisdiction because the Cooks and Frappier, Lovell, and Romero are Texas citizens. The Cooks maintain that they have alleged a claim against these three defendants in their own right for breach of contract and for unreasonable collection efforts. Wells Fargo and U.S. Bank oppose the Cooks's motion, contending that Frappier, Lovell, and Romero were improperly joined.

On the same day that the Cooks filed their remand motion, they filed an amended petition[3] and verified response and objection to the verified denial filed by Frappier, Lovell, and Romero under § 51.007. The Cooks contend that Frappier, Lovell, and Romero failed to state a basis for their reasonable belief that they were improperly joined. They also posit that they did not name Frappier, Lovell, and Romero as parties solely in their capacities as substitute trustees, but instead as defendants based on their

---

[2]There is no dispute that the amount in controversy satisfies the jurisdictional minimum.

[3]The proper term is "amended complaint," not "amended "petition." The court will nevertheless refer to the pleading as it was styled.

conduct in attempting to effectuate a foreclosure sale of the Cooks's real property and homestead in a tortious manner and in breach of contract.

II

For a case to be removed based on diversity jurisdiction, "'all persons on one side of the controversy [must] be citizens of different states than all persons on the other side.'" *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (quoting *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004)). This means that no plaintiff can be a citizen of the same state as even one defendant. Moreover, under 28 U.S.C. § 1441(b), a case cannot be removed based on diversity jurisdiction if any properly-joined defendant is a citizen of the state in which the action is brought (here, Texas).

"The doctrine of improper joinder . . . entitle[s] a defendant to remove to a federal forum unless an in-state defendant has been 'properly joined.'" *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). "When a defendant removes a case to federal court on a claim of improper joinder [of an in-state defendant], the district court's first inquiry is whether the removing party has carried its heavy burden of proving that the joinder was improper." *Id.* at 576. Improper joinder is established by showing that there was either actual fraud in the pleading of jurisdictional facts or that the plaintiff is unable to

establish a cause of action against the non-diverse defendant in state court. *Id.* at 573 (citing *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)).

Under the second alternative—the one at issue in this case—the test for improper joinder "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* The court must "evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (internal quotation marks omitted). Thus "[t]he party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Smallwood*, 385 F.3d at 574.

There are two "proper means for predicting whether a plaintiff has a reasonable basis of recovery under state law." *Id.* at 573.

> The court may conduct a [Fed. R. Civ. P.] 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder.

*Id.* (footnote omitted). In cases where "a plaintiff has stated a claim, but has misstated or omitted discrete facts that would

- 5 -

determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.* Although this is a matter for the court's discretion, "a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.* at 573-74. The court is not permitted to "mov[e] . . . beyond jurisdiction and into a resolution of the merits." *Id.* at 574.

In considering the allegations against in-state defendants, the court must look to the live pleadings at the time of removal. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("To determine whether jurisdiction is present for removal, we consider the claims in the state court petition as they existed at the time of removal.").

III

A

The court turns to the Cooks's amended petition[4] to determine whether U.S. Bank and Wells Fargo (the removing defendants) have

---

[4]As noted above, a court typically restricts its improper joinder review to the live pleadings at the time of removal. The parties' briefing focuses on the amended petition, even though it was actually filed after removal. The court has reviewed the original petition and determined that it is even more vaguely worded and conclusory than the amended petition. Because the court holds that the amended petition provides no reasonable basis for the court to predict that the Cooks might be able to recover against Frappier, Lovell, and Romero, the same is true *a fortiori* of the original petition.

satisfied their heavy burden of establishing improper joinder of Frappier, Lovell, and Romero.[5] The vaguely worded amended petition does not distinguish clearly among the defendants when setting forth the alleged acts that underlie the Cooks's claims. The Cooks assert three causes of action: breach of contract, tortious interference with peaceful use and enjoyment of property, and unreasonable collection efforts. They also seek injunctive relief.

Defendants argue that the Cooks have failed to state claims against Frappier, Lovell, and Romero on which relief can be granted. They essentially assert that the Cooks's claims do not relate to Frappier, Lovell, and Romero other than in their capacities as trustees, and that they are only nominal defendants. In the Cooks's motion to remand and in their amended petition, they

---

[5] Defendants rely on another theory to support their improper joinder argument: they maintain that Frappier, Lovell, and Romero are entitled to dismissal based on § 51.007. Under the statute, the Cooks were required to file a response within 30 days of the filing by Frappier, Lovell, and Romero of their verified denial in which they stated the basis for their reasonable belief that they had been named as defendants solely in their capacities as trustees under a deed of trust, contract lien, or security instrument. The Cooks were required in their response to "set[] forth all matters, whether in law or fact, that rebut the trustee's verified denial." § 51.007(b). If the Cooks failed to respond within 30 days, the statute directs that Frappier, Lovell, and Romero be dismissed from the case without prejudice. *See* § 51.007(c). The Cooks included their response as a part of the amended petition that was filed following removal. The parties dispute whether this filing was timely under the 30-day deadline. Because the court determines that there is no reasonable basis for the court to predict that Frappier, Lovell, and Romero could be held liable, it declines to consider whether their citizenship can be disregarded based on the operation of § 51.007.

maintain that they did not name Frappier, Lovell, and Romero solely in their capacities as substitute trustees. But they neither provide factual support for this assertion, nor do they elaborate on why the enumerated claims implicate Frappier, Lovell, and Romero other than in their capacities as substitute trustees.

B

Turning first to the breach of contract claim, the court holds that the Cooks have failed to plead a plausible cause of action against Frappier, Lovell, and Romero. The only contract that could be at issue is the deed of trust that secures the mortgage on the Cooks's property. The Cooks assert this claim against Wells Fargo, Frappier, Lovell, and Romero, but not against U.S. Bank. There is no basis in the amended petition (or, for that matter, otherwise in the record) to conclude that Frappier, Lovell, or Romero is a party to this or any other contract with the Cooks. As defendants point out, it may be that the Cooks dispute Wells Fargo's authority to foreclose on behalf of U.S. Bank. But there is no reasonable basis for the court to predict that Frappier, Lovell, or Romero may be liable to the Cooks for breach of contract. The amended petition fails to establish any basis to hold any of them liable on this claim.

C

Second, the Cooks allege a claim against Wells Fargo, Frappier, Lovell, and Romero for tortious interference with

peaceful use and enjoyment of property. They assert that, as a result of the efforts to foreclose the property, they no longer have clear title and they have lost the opportunity to sell the property free of defendants' unfounded claims. The Cooks do not plead any facts to support this conclusory allegation. It appears that the Cooks maintain that Wells Fargo, Frappier, Lovell, and Romero lack authority to foreclose on the Cooks's property on behalf of U.S. Bank. But the Cooks fail to plead adequate facts to support any claim against Frappier, Lovell, and Romero apart from their roles as substitute trustees. The real focus of this claim appears to be Wells Fargo rather than Frappier, Lovell, and Romero, even if they were the agents through whom Wells Fargo acted. Because the Cooks do not plead sufficient factual support for this claim, the court cannot reasonably conclude that there is any possibility of recovery by the Cooks against Frappier, Lovell, and Romero for tortious interference with peaceful use and enjoyment of property.

D

Third, the Cooks assert a claim against all defendants, including U.S. Bank, for unreasonable collection efforts. As with their other counts, this claim is stated in conclusory language and devoid of factual support. For example, the Cooks make the conclusory averment that all five defendants "have threatened to take, and have actually taken steps to unreasonably collect on a

debt." Am. Pet. ¶ 41. But Texas law specifically provides that "[a] trustee or substitute trustee is not a debt collector." Tex. Prop. Code Ann. § 51.0075(b) (Vernon 2007). Thus the debt collection claim simply cannot apply to Frappier, Lovell, and Romero because, by statute, they are not debt collectors. The Cooks offer no basis in the amended petition for holding Frappier, Lovell, and Romero liable for unreasonable collection efforts, and there is no reasonable basis for the court to predict that they could be held liable on this claim.

E

Fourth, the fact that the Cooks seek injunctive relief against all defendants, including Frappier, Lovell, and Romero, does not preclude a finding of improper joinder. Under Texas law, a request for injunctive relief is not itself a cause of action but depends on an underlying cause of action. *See Brown v. Ke-Ping Xie*, 260 S.W.3d 118, 122 (Tex. App. 2008, no pet.). Injunctive relief is simply a form of equitable remedy. *Id.; see also Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002) (holding that injunctive relief requires that plaintiff first plead viable underlying cause of action). Moreover, to the extent the Cooks have any right to seek relief against Frappier, Lovell, and Romero, as set forth in the amended petition, it is only in their capacities as substitute trustees. "A plaintiff's joinder of formal or unnecessary parties cannot defeat diversity jurisdiction and prevent removal." *Titan*

- 10 -

*Aviation, LLC v. Key Equip. Fin., Inc.*, 2006 WL 3040923, at *2 (N.D. Tex. Oct. 26, 2006) (Fitzwater, J.) (citing *Pesch v. First City Bank of Dallas*, 637 F. Supp. 1530, 1536 (N.D. Tex. 1986) (Fitzwater, J.)).  If injunctive relief is ultimately granted in this case, it will be based on the actions of U.S. Bank and/or Wells Fargo.  The fact that it might also incidentally result in an enjoining of Frappier, Lovell, and Romero as substitute trustees is not relevant for diversity jurisdiction purposes.

                                IV

There is no reasonable basis for the court to predict that the Cooks might be able to recover against Frappier, Lovell, and Romero on any cause of action.  *See Smallwood*, 385 F.3d at 573.  The claims for damages against Frappier, Lovell, and Romero present no possibility for recovery under state law.  Thus Frappier, Lovell, and Romero were improperly joined and their Texas citizenship need not be considered when determining whether there is complete diversity and whether the case was removed with an in-state defendant.  Moreover, the fact that some forms of potential injunctive relief might apply to Frappier, Lovell, and Romero does not create a claim against them and does not preclude removal.

* * *

Accordingly, for the reasons explained, the Cooks's April 9, 2010 motion to remand is denied.

**SO ORDERED.**

July 12, 2010.

                                                    _____
                                                    SIDNEY A. FITZWATER
                                                    CHIEF JUDGE